OPINION *Page 2 
{¶ 1} Kathy Swinehart and appellant, Danny Rutter, are the biological parents of Danielle Rutter born June 23, 1988. The parties were never married. Paternity was established on August 20, 1990. Via an April 25, 1997 administrative order issued by appellee, the Muskingum County Department of Job and Family Services, appellant was ordered to pay Ms. Swinehart $111.30 per month for child support and $26.00 per month for arrearages. This order was effective in March of 1997.
 {¶ 2} Danielle turned nineteen on June 23, 2007. On June 28, 2007, appellee recommended the termination of child support. Pursuant to appellant's request, an administrative hearing was held on July 19, 2007. Appellant argued child support should have terminated when Danielle moved in with him and stopped attending school at the age of fifteen. By decision dated July 19, 2007, the hearing officer determined appellant had never obtained legal custody of Danielle, and she had attended school until the age of seventeen. The hearing officer recommended the termination of child support on June 23, 2006, Danielle's eighteenth birthday.
 {¶ 3} By order filed September 13, 2007, the trial court approved and adopted the hearing officer's decision and terminated the child support order as of June 23, 2006. Per the July 19, 2007 decision, appellant owed $13,338.20 in arrearages.
 {¶ 4} Appellant filed an appeal, but did not list any assignments of error as required by App. R. 16(A)(3). Appellant's entire "brief" argues the following:
 {¶ 5} "I THE DEFENDANT-APPELLANT AM APPEALING THAT DANIELLE RUTTER WAS NOT IN SCHOOL AT THE AGE OF 19 TEEN. SHE STOP GOING TO SCHOOL AT THE AGE OF 17 TEEN AND THE DEFENDANT-APPELLANT SHOULD *Page 3 
NOT HAVE TO PAY TILL SHE WAS 19 TEEN. AT THE ADMINISTRATIVE TERM INATIVE HEARING DECISION SAID THAT THE CHILD SUPPORT SHOULD HAVE STOPPED ON 6-23-06 BUT THEY STILL HAVE THE ARREARAGES AT THE SAME AS IT WAS WHEN THEY STOPPED IT ON 6-23-07 AND DIDN'T TAKE OFF FOR THE YEAR."
 {¶ 6} Apparently, appellant claims error in the determination of child support adopted by the trial court in its order of September 13, 2007 which states the following:
 {¶ 7} "The parties hereto were served with a copy of the Administrative Termination Hearing Decision based on the investigation conducted by the Muskingum CSEA pursuant to ORC 3119.89 ET SEQ. Termination investigation results were objected to by one of the parties. This decision was filed/issued on July 19, 2007. Neither party objected to this administrative hearing decision. The CSEA recommends that the administrative hearing decision be approved by the Court.
 {¶ 8} "It is therefore ORDERED that the administrative termination hearing decision filed/issued on July 19, 2007, is approved and adopted as an order of the court."
 {¶ 9} Appellant argues appellee's decision to terminate child support as of Danielle's eighteenth birthday was in error because Danielle stopped attending high school at seventeen. Pursuant to R.C. 3103.03 and R.C. 3103.031, the duty to support a child continues until the child reaches the age of majority, eighteen. Appellee's determination was consistent with this mandate.
 {¶ 10} In addition, appellant did not appeal appellee's determination to the trial court as required by R.C. 3119.19 which states the following: *Page 4 
 {¶ 11} "If an obligor or obligee under a child support order timely requests an administrative hearing pursuant to section 3119.90 of the Revised Code, the child support enforcement agency shall schedule a hearing on the issue, give the parties notice of the date, time, and location of the hearing, and conduct the hearing. On completion of the hearing, the child support enforcement agency shall issue a decision. The decision shall include a notice stating that the obligor or obligee may object to the decision by filing a motion within thirty days after the issuance of the decision in one of the following courts requesting a determination as to whether the order should be terminated or whether any other appropriate determination regarding the order should be made:
 {¶ 12} "(A) With respect to a court child support order, in the court that issued the order or that otherwise has jurisdiction over the order;
 {¶ 13} "(B) With respect to an administrative child support order, the juvenile court or other court with jurisdiction under section 2101.022
or 2301.03 of the Revised Code of the county in which the agency that issued the order is located.
 {¶ 14} "The notice shall also state that if neither the obligor nor the obligee files the motion within the thirty-day period, the administrative hearing decision is final and will be filed with the court or in the administrative case file."
 {¶ 15} A review of the hearing officer's July 19, 2007 decision evidences it followed the mandates of R.C. 3119.19.
 {¶ 16} Upon review, we find appellant's arguments have not been properly perfected.
 {¶ 17} Appellant's arguments herein are denied. *Page 5 
 {¶ 18} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Gwin, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division is affirmed. *Page 1